**YONG MING CHEN, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Alberto R. Gonzales, Respondent.**

No. 04–4912–ag.

United States Court of Appeals, Second Circuit.

July 28, 2006.

Khagendra Gharti–Chhetry, New York, New York, for Petitioner.

James K. Vines, United States Attorney for the Middle District of Tennessee, Eli J. Richardson, Assistant United States Attorney, Nashville, Tennessee, for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. JOSÉ A. CABRANES, Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Yong Ming Chen, through counsel, petitions for review of the BIA decision denying his motion to reopen his immigration proceedings. *See In re Yong Ming Chen,* No. A 77 993 461 (B.I.A. Aug. 16, 2004); *see also In re Yong Ming Chen,* No. A 77 993 461 (Immig. Ct. N.Y. City Mar. 7, 2003) (Brigitte Laforest, I.J.), *aff'd without opinion, In re Yong Ming Chen,* No. A 77 993 461 (B.I.A. May 3, 2004).

We assume the parties' familiarity with the underlying facts and procedural history, and we recite only those facts necessary to explain our disposition.

Chen moved the BIA to reopen his proceedings on the ground that—after the IJ denied his original application but before the BIA had affirmed the IJ's order—his wife suffered forcible sterilization by the Chinese government. The BIA denied the motion to reopen on two grounds. First, the BIA stated that because the information Chen wished to present at a reopened hearing was known to him before the BIA disposed of his appeal, the information was not "new" for purposes of 8 C.F.R. § 1003.2(c) (authorizing motions to reopen). Second, the BIA stated that because the IJ's initial denial of Chen's application rested on an adverse credibility finding and Chen's purported new information did not "meaningfully address the adverse credibility finding in this case," Chen did not meet the burden required to reopen his proceedings.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary

or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted). In reviewing the denial of a motion to reopen, this Court is precluded from passing on the merits of the underlying claim for relief, and review must be confined to the denial of the petitioner's motion to reopen the proceedings. *See id.* at 89–90.

■ With regard to the BIA's second ground for denying Chen's motion to reopen—that his purported new evidence did not address the IJ's prior adverse credibility finding—we conclude that the BIA erred. Ordinarily, motions to reopen are properly denied if the movant fails to demonstrate that the new evidence would alter the result in the case, *see Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 156 (2d Cir.2005); *In Re Coelho*, 20 I. & N. Dec. 464, 473, 1992 WL 195806 (B.I.A.1992), or if the movant fails to offer evidence to establish a prima facie case for the underlying relief, *see Alam v. Gonzales*, 438 F.3d 184, 187 (2d Cir.2006) (citing *INS v. Abudu*, 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988)).

In this case, Chen's motion demonstrated prima facie eligibility for asylum and showed that the evidence, if credited, would materially alter the result in his case. Even though Chen did not credibly testify before the IJ about his wife's alleged *abortions*, Chen would still be eligible for asylum if he proved that his wife subsequently was forcibly *sterilized* by the Chinese government. *See* 8 U.S.C. § 1101(a)(42); *In re C–Y–Z–*, 21 I. & N. Dec. 915, 918, 1997 WL 353222 (BIA 1997). Had the IJ found Chen's initial claim "frivolous," he would have been permanently barred from seeking any benefit under the Immigration and Naturalization Act. *See* 8 U.S.C. § 1158(d)(6) ("If the Attorney General determines that an alien has knowingly made a frivolous application for asylum ... the alien shall be permanently ineligible for any benefits under this [Act]."). In the absence of such a finding, we conclude that the BIA erred in finding that because Chen was once deemed incredible with regard to one claim of persecution, he could not receive asylum even if he later proved himself based on separate facts to be the victim of subsequent persecution.

■ With regard to the BIA's first ground for denying Chen's motion to reopen—that the evidence of Chen's wife's forcible sterilization was not "new"—we remand to the BIA for clarification of its reasoning.

Chen argues that because his wife was not sterilized until after his proceedings before the IJ had concluded, this information was new for the purposes of his motion to reopen. The BIA, however, disagreed, citing to 8 C.F.R. § 1003.2(c)(1), which states in pertinent part, a "motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." The government argues that the BIA's interpretation of this regulation, that Chen's motion fails because the evidence was available while his appeal was still pending, is entitled to deference.

To the extent that the BIA has interpreted its own regulations in its published opinions, its interpretation is entitled to "substantial deference." *See Gonzales v. Oregon*, —— U.S. ——, 126 S.Ct. 904, 914, 163 L.Ed.2d 748 (2006). Such deference, however, is not warranted for interpretations that the BIA reaches through unpublished, non-precedential opinions like the one under review in the present case. *See Shi Liang Lin v. U.S. Dep't of Justice*, 416 F.3d 184, 191 (2d Cir.2005) (interpreting *Chevron U.S.A., Inc. v. Natural Resources*

*Defense Council, Inc.,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984)). Even if the BIA's interpretation of 8 C.F.R. § 1003.2(c) in this case would be subject to deference, strong deference is afforded only when the statute or regulation being interpreted is ambiguous. *Chevron,* 467 U.S. at 842–45, 104 S.Ct. 2778. The regulation at issue in this case, however, is not ambiguous. The regulation specifically states that the evidence sought to be offered must not have been previously available "at the former hearing"; it does not indicate that the information had to remain unavailable throughout the subsequent administrative proceedings. *See* 8 C.F.R. § 1003.2(c)(1); *cf. Jian Yun Zheng v. U.S. Dep't of Justice,* 409 F.3d 43, 48 (2d Cir. 2005) (reading the regulation to mean that an applicant can succeed on a motion to reopen if the new information was not available at the time of the hearing before the IJ). Accordingly, we conclude that the BIA erred in finding that because Chen's alleged new evidence became available while his initial appeal remained under consideration by the BIA, the BIA was prohibited by regulation from considering the alleged evidence in support of a motion to reopen filed pursuant to 8 C.F.R. § 1003.2(c)(1).

Our conclusion does not, however, compel the BIA to grant Chen's motion to reopen his immigration proceedings. Although the BIA is *allowed* to consider as part of a motion to reopen evidence that arose during the pendency of an alien's appeal, it would not necessarily constitute an abuse of discretion for the BIA to choose for prudential reasons not to do so. It is common practice for aliens to file "motions to remand" when they discover new evidence after filing a notice of appeal with the BIA but before the BIA has ruled. *See* U.S. Department of Justice, Executive Office for Immigration Review, Board of Immigration Appeals, *Practice Manual* 79 (Section 5.8, "motions to remand"), *available at* http://www.usdoj.gov /eoir/vll/qaprac manual/apptmtn4.htm (last revised July 30, 2004); *see also* U.S. Department of Justice, Executive Office for Immigration Review, Board of Immigration Appeals, *Questions and Answers Regarding Proceedings Before the Board* 31–32 ("A motion to remand is filed *before* the Board has made a decision on your appeal. You may use it to ask the Board to look at . . . new evidence.") (last visited July 26, 2006).

If the BIA were to decide that an alien who acquires new evidence well before the BIA decides his appeal yet chooses not to file a motion to remand is not then entitled to have his proceedings reopened on the basis of the same evidence, it might well not constitute an abuse of discretion. *See* 8 C.F.R. § 1003.2(c) (describing certain situations in which motions to reopen may *not* be granted but not requiring such motions to be granted in any specific circumstances). That question, however, is not before us because the BIA's August 16, 2004 decision does not make clear whether the BIA would have exercised its discretion to reopen Chen's proceedings had it believed it was permitted under its regulations to do so. Accordingly, we remand the case to the BIA so that it may decide in the first instance whether it believes such an exercise of discretion is justified in this case.

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DE-

NIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).